**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUICHI MURAKAMI, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SYNEOS HEALTH, INC., ALISTAIR MACDONALD, GREGORY RUSH, and JASON MEGGS,<br><br>    Defendants. | Case No:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Yuichi Murakami ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Syneos Health, Inc. ("Syneos" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Syneos securities from May 10, 2017 through February 27, 2019, inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and the subsequent damages took place in this judicial district, and the Company has facilities and conducts substantial business in this district.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the accompanying certification incorporated by reference herein, purchased Syneos securities during the Class Period and was economically damaged thereby.

7.      Defendant Syneos purports to operate as an integrated biopharmaceutical solutions company in North America, Europe, the Middle East, Africa, the Asia-Pacific, and Latin America. Syneos is incorporated in Delaware and maintains "substantial facilities" in Princeton, NJ and Somerset, NJ.  Syneos's stock trades on the NASDAQ under the ticker symbol "SYNH."

8.      Defendant Alistair Macdonald ("Macdonald") has served as the Company's Chief Executive Officer ("CEO") and member of its Board of Directors (the "Board") since October 2016.

9.      Defendant Gregory Rush ("Rush") served as the Company's Executive Vice President and Chief Financial Officer ("CFO") since the beginning of the Class Period until February 21, 2018.

10.      Defendant Jason Meggs ("Meggs") served as the Company's Interim CFO from February 21, 2018 until May 2018, when he was promoted to CFO.

11.      Defendants Macdonald**,** Rush, and Meggs are collectively referred to herein as the "Individual Defendants."

12.      Each of the Individual Defendants:

(a)      directly participated in the management of the Company;

(b)      was directly involved in the day-to-day operations of the Company at the highest levels;

3

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

13.     Syneos is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

14.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Syneos under *respondeat superior* and agency principles.

15.     Defendants Syneos and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS
### Background

16.     On February 28, 2017, the Company, then-known as INC Research Holdings, Inc., filed a Form 10-K for the fiscal year ended December 31, 2016. The Form 10-K stated that the Company's internal controls over financial reporting were effective as of that date.

17.    On August 1, 2017, INC Research Holdings, Inc. (NASDAQ: INCR) and inVentiv Health, Inc. (privately equity-owned) announced the successful completion of their $4.6 billion merger. The combined company became known as INC Research/inVentiv Health on an interim basis. The company continued to trade on the NASDAQ under the ticker symbol, "INCR."

18.    On January 4, 2018, INC Research/inVentiv Health was renamed Syneos Health, Inc.

## Materially False and Misleading Statements

19.    On May 10, 2017, the Company filed a Form 10-Q for the quarter ended March 31, 2017 (the "1Q 2017 10-Q") with the SEC, which provided the Company's first quarter 2017 financial results and position. The 1Q 2017 10-Q was signed by Defendant Rush. The 1Q 2017 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Macdonald and Rush, attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting, and the disclosure of all fraud.

20.    The 1Q 2017 10-Q stated there were no changes in the Company's internal control over financial reporting during the period covered by the report that materially affected or was reasonably likely to materially affect the Company's internal control over financial reporting.

21.    On February 28, 2018, the Company filed its annual report with the SEC on Form 10-K for the fiscal year ended December 31, 2017 (the "2017 10-K"). The 2017 10-K was signed by Defendants Macdonald and Meggs. The 2017 10-K contained signed SOX certifications by Defendants Macdonald and Meggs attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

22.    The 2017 10-K stated the Company modified and added internal controls related to the accounting for revenue. More specifically, the Company "[e]nhanced the risk assessment process to take into account risks associated with the new revenue standard [and] . . . [a]dded controls that address risks associated with the five-step model for recording revenue, including the revision of our contract review controls."

23.    The 2017 10-K stated the Company's internal control over financial reporting was effective as of December 31, 2017.

24.    On November 6, 2018, the Company filed a Form 10-Q for the quarter ended September 30, 2018 (the "3Q 2018 10-Q") with the SEC, which provided the Company's third quarter 2018 financial results and position. The 3Q 2018 10-Q was signed by Defendant Meggs. The 3Q 2018 10-Q contained signed SOX certifications by Defendants Macdonald and Meggs, attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting, and the disclosure of all fraud.

25.    The 3Q 2018 10-Q stated the following concerning the Company's internal control over financial reporting:

> During the third quarter of 2018, we implemented an enterprise resource planning ("ERP") system for several subsidiaries in our Commercial Solutions segment as part of our multi-year implementation plan. We expect that the ERP system will enhance the overall system of internal controls over financial reporting through further automation and business process integration.
>
> There have been no changes, except as otherwise described above, in our internal control over financial reporting identified in management's evaluation pursuant to Rules 13a-15(d) or 15d-15(d) of the Exchange Act during the period covered by this Quarterly Report on Form 10-Q that materially affected, or are reasonably likely to materially affect, our internal control over financial reporting.

26.    The statements contained in ¶¶19-25 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the

6

Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Syneos's internal control over financial reporting was inadequate; (2) concerns regarding Syneos's internal control over financial reporting would result in heightened regulatory scrutiny and an SEC investigation into the Company's revenue accounting policies, internal controls and related matters; and (3) as a result, Defendants' statements about Syneos's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

## THE TRUTH BEGINS TO EMERGE

27.     On February 27, 2019, after market hours, the Company announced it was delaying the release of its Form 10-K for the year ended December 31, 2018 after the SEC notified the Company it was investigating its revenue accounting policies and internal controls. The Company stated its management and Audit Committee were each conducting a review of the Company's internal controls and/or accounting policies, amongst other things. The announcement states, in relevant part:

> Syneos Health, Inc. (the "Company") is unable to file its Form 10-K for the year ended December 31, 2018 (the "Form 10-K") by March 1, 2019, without unreasonable effort or expense, because our management is conducting a review of the Company's internal control over financial reporting in conjunction with finalizing the Form 10-K. On February 21, 2019, the Securities and Exchange Commission ("SEC") notified the Company that it has commenced an investigation into the Company's revenue accounting policies, internal controls and related matters, and requested that the Company retain certain documents for the periods beginning with January 1, 2017. As an additional measure prior to the Company filing the Form 10-K, the Audit Committee of the Company's Board of Directors is conducting an independent review of the Company's revenue accounting policies, internal controls and related matters with the assistance of outside counsel and accounting advisors.
>
> The Company is making this filing in order to allow the Audit Committee to complete its review and to provide the Company's management, under the

supervision and with the participation of our Principal Executive Officer and Principal Financial Officer, with sufficient time to finalize its assessment of the Company's revenue accounting policies, internal controls and related matters. The Company is fully cooperating with the SEC.

28.    On this news, shares of Syneos fell $10.24 per share or 19.69% to close at $41.77 per share on February 28, 2019, damaging investors.

29.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired Syneos securities publicly traded NASDAQ during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Syneos, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

31.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Syneos securities were actively traded NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

32.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

33.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

34.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business Syneos;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether Defendants caused Syneos to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and SEC filing

- whether the prices of Syneos's securities during the Class Period were artificially inflated because of Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

35.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and

burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

36.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Syneos shares met the requirements for listing, and were listed and actively traded NASDAQ, a highly efficient and automated market;

- As a public issuer, Syneos filed periodic public reports with the SEC;

- Syneos regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- Syneos was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

37.    Based on the foregoing, the market for Syneos securities promptly digested current information regarding Syneos from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

38.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State*

*of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

<u>**COUNT I**</u>
**For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
<u>Against All Defendants</u>**

39.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40.     This Count is asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

41.      During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

42.     Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Syneos securities during the Class Period.

43.     Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Syneos were materially false and misleading;

knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Syneos, their control over, and/or receipt and/or modification of Syneos's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Syneos, participated in the fraudulent scheme alleged herein.

44.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Syneos personnel to members of the investing public, including Plaintiff and the Class.

45.    As a result of the foregoing, the market price of Syneos securities was artificially inflated during the Class Period. In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Syneos securities during the Class Period in purchasing Syneos securities at prices that were artificially inflated as a result of Defendants' false and misleading statements.

46.    Had Plaintiff and the other members of the Class been aware that the market price of Syneos securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased Syneos securities at the artificially inflated prices that they did, or at all.

47.    As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

48.    By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Syneos securities during the Class Period.

### COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

49.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.    During the Class Period, the Individual Defendants participated in the operation and management of Syneos, and conducted and participated, directly and indirectly, in the conduct of Syneos's business affairs. Because of their senior positions, they knew the adverse non-public information about Syneos's misstatement of revenue and profit and false financial statements.

51.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Syneos's financial condition and results of operations, and to correct promptly any public statements issued by Syneos which had become materially false or misleading.

52.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Syneos disseminated in the marketplace during the Class Period concerning Syneos's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Syneos to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Syneos

within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Syneos securities.

53.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Syneos.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment and relief as follows:

(a)     declaring this action to be a proper class action, designating plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating Plaintiff's counsel as Lead Counsel;

(b)     awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c)     awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.


Dated: March 1, 2019                          Respectfully submitted,

                                              **THE ROSEN LAW FIRM, P.A.**

                                              By: /s/Laurence M. Rosen
                                              Laurence M. Rosen
                                              609 W. South Orange Avenue, Suite 2P
                                              South Orange, NJ 07079
                                              Tel: (973) 313-1887

Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*