**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUICHI MURAKAMI, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SYNEOS HEALTH, INC., ALISTAIR MACDONALD, GREGORY RUSH, and JASON MEGGS,<br><br>        Defendants. | Case No: 3:19-cv-07377-MAS-LHG<br><br>Hon. Michael A. Shipp |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE, STRIKE THE MURAKAMI LEAD PLAINTIFF DEADLINE, AND TRANSFER TO THE EASTERN DISTRICT OF NORTH CAROLINA

i

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

    A. The Vaitkuvienė Plaintiffs Are Not Entitled to Intervene as a Matter of Right or Permissively ................................................................................................................... 3

    B. The Actions are Not Related and Are Therefore Not Appropriate for Consolidation ......... 4

    C. *Vaitkuvienė* Plaintiffs Do Not Seek Merely to Extend their Class Period, But to State Entirely New and Different Claims Stated in the *Murakami* Action ....................................... 8

    D. Transfer of the *Murakami* Action Without Adjudication of the Lead Plaintiff Motion is Premature and Inappropriate ....................................................................................... 10

CONCLUSION .................................................................................................................. 11

## Cases

*Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971) ......... 6

*Dube v. Signet Jewelers Ltd.*, No. 16-CV-6728 (JMF), 2017 WL 1379385, at *1-2 (S.D.N.Y. Apr. 14, 2017) ................................................................................................................................ 7, 13

*Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.1987) .................................................................. 6

*Howard v. Filipowski*, No. 03 C 5561, 2003 WL 22706960, at *1-2 (N. D. Ill. Nov. 14, 2003). 10

*In re Cybertronics, Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006) .......................... 8

*In re LeapFrog Enters., Inc. Sec. Litig.*, No. 03 Civ. 5421, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005) ............................................................................................................................ 8

*In re LendingClub Securities Litig.*, No. 3:16-cv-02627-WHA, Dkt. No. 391 (N.D. Cal. Aug. 6, 2018) ....................................................................................................................................... 10

*In re Select Comfort Corp. Sec. Litig.*, No. 99 Civ. 884, 2000 WL 35529101, at *7–*8 (D. Minn. Jan. 27, 2000) ........................................................................................................................... 8

*Mountain Top Condominium Ass'n. v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (Third Cir. 1995) ....................................................................................................................... 6

*New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir.1984) .................................................................................................................................................. 6

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, No. 05 Civ.1989, 2005 WL 1322721, at *3 (S.D.N.Y. June 1, 2005) ..................................................................................... 8

*United States v. Alcan Aluminum, Inc*., 25 F.3d 1174, 1185 (3d Cir.1994) .................................. 6

## Rules

Civil Local Rule 40.1(c) ......................................................................................................... 4, 7

Fed.R.Civ.P. 24(a)(2) ................................................................................................................. 6

Fed.R.Civ.P. 24(b) .................................................................................................................... 7

Plaintiff Yuichi Murakami ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, respectfully submits this response in opposition to the Motion to Intervene, Strike the Murakami Lead Plaintiff Deadline, and Transfer to the Eastern District of North Carolina (hereinafter, the "Motion") filed by proposed intervenors San Antonio Fire & Police Pension Fund and El Paso Firemen & Policemen's Pension Fund (hereinafter the "*Vaitkuvienė* Plaintiffs" or the "Pension Funds")

## INTRODUCTION

As detailed below, the actions are not related because they: (i) involve materially different issues of fact; (ii) stem from different acts of misconduct; (iii) involve different class periods; and (iv) are brought on behalf of different classes of Syneos investors. *See* Civil Local Rule 40.1(c).[1]

In seeking to consolidate the *Murakami* Action, Lead Plaintiffs' motives are clear: to evade the Private Securities Litigation Reform Act of 1995 ("PSLRA")'s notice provision and thereby wrest control of the *Murakami* Action as part of an effort to expand the scope of their action—and at the same time abandoning claims alleged in the *Murakami* Action that presumably the *Vaitkuvienė* plaintiffs presumably lack standing to prosecute.

---

[1] Noting that cases may be deemed related "[w]hen a civil action: (1) relates to any property included in a case already pending in this Court; (2) grows out of the same transaction as any case already pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court, counsel shall at the time of filing the action inform the Clerk of such fact." As these cases involve different class periods (though overlapping), different alleged misstatements of fact, and different material negative impacts on the value of the class members' stock, they do not "grow[] out of the same transaction…".

The *Vaitkuvienė* plaintiffs' request is no small matter. The Pension Funds seek to expand the *Vaitkuvienė* action to embrace the claims asserted in the *Murakami* action which related to and arise out of facts occurring over 18 months after the close of the *Vaitkuvienė* plaintiffs' class period, on an entirely different theory. Notably, the *Vaitkuvienė* plaintiffs do not even *assert* that they held or disposed of Syneos securities throughout the *Murakami* class period or suffered losses on the date of the drop alleged in the *Murakami* complaint.

The *Vaitkuvienė* plaintiffs evidently seek to amend their complaint—which has already been amended and a motion to dismiss fully-briefed and awaiting decision by the Eastern District of North Carolina ("E.D.N.C.")—to extend the previously-certified class period by nearly two years, and to assert entirely new—and, frankly, inconsistent—false and misleading statements— to wit, Syneos' financial reporting related to revenue recognition—a theory which the *Vaitkuvienė* plaintiffs have repeatedly and emphatically disclaimed in the course of briefing in that action. The *Vaitkuvienė* plaintiffs' is based entirely on alleged misstatements by Syneos' predecessor INCR in the lead-up to its contemplated merger with InVentiv.

But instead of moving the E.D.N.C.to amend their complaint and extend the *Vaitkuvienė* class period, the *Vaitkuvienė* plaintiffs seek to consolidate this unrelated case with their existing action. This would ostensibly deprive thousands of investors who purchased after November 8, 2017 the ability to recover tens of millions of dollars in losses. This request is made after the *Vaitkuvienė* parties have already fully briefed and are awaiting decision upon a motion to dismiss and related motion to strike. Consolidation of this action with *Vaitkuvienė* would effectively render all that briefing moot, giving the *Vaitkuvienė* plaintiffs a second bite at the apple and permitting them to proceed upon an entirely different theory of recovery without ever re-opening

2

the lead plaintiff process. The Court should not permit such an improper end-run around the Federal Rules of Civil Procedure and the PSLRA.

### ARGUMENT

**A. The Vaitkuvienė Plaintiffs Are Not Entitled to Intervene as a Matter of Right or Permissively**

Rule 24(a)(2) requires the potential intervenor to demonstrate "an interest relating to the property or transaction which is the subject of the action ..." Fed.R.Civ.P. 24(a)(2). While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.1987), an intervenor's interest must be one that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). In defining the contours of a "significantly protectable" legal interest under Rule 24(a)(2), the Third Circuit has held that, " 'the interest must be a legal interest as distinguished from interests of a general and indefinite character.' The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Harris*, 820 F.2d at 601 (citations omitted). This interest is recognized as one belonging to or being owned by the proposed intervenor. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1185 (3d Cir.1994) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir.1984)).

The mere fact that a lawsuit may impede a third party's ability to recover in a separate suit does not give the third party a right to intervene. *Mountain Top Condominium Ass'n. v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (Third Cir. 1995). Rather, some personal right of the proposed intervenor must be implicated or threatened by the continuation of the litigation without his or her involvement.

In order to meet the requirements of Rule 24(a)(2), proposed intervenors must also demonstrate that their interest might become affected or impaired, as a practical matter, by the disposition of the action in their absence. *Alcan Aluminum*, 25 F.3d at 1185 n. 15. The *Vaitkuvienė*

3

plaintiffs have made no such showing here. If, indeed, the *Vaitkuvienė* plaintiffs are members of the class proposed in the *Murakami* Action, their interests will be protected and they will be entitled to share proportionately in any recovery obtained on behalf of the *Murakami* class. For these reasons, the *Vaitkuvienė* plaintiffs have failed to demonstrate that they are entitled to intervention as a matter of right, and the motion to intervene should be denied.

The *Vaitkuvienė* plaintiffs' perfunctory alternative argument for permissive intervention should likewise be denied. Under Fed.R.Civ.P. 24(b), permissive intervention may be allowed where the prospective intervenor is either (a) given a conditional right to intervene by a federal statute, or (b) "has a claim or defense that shares with the main action a common question of fact or law". *Vaitkuvienė* plaintiffs have alleged no statutory right, permissive or otherwise, and have identified no shared question of fact or law between the claims raised in this action and the *Vaitkuvienė* Action. At best, they allege shared *parties,* and permissive intervention should be denied for the same reasons stated above.

### B. The Actions are Not Related and Are Therefore Not Appropriate for Consolidation

Pursuant to Civil Local Rule 40.1(c), "civil cases may be related if one or more of the following conditions are met:"

> When a civil action: (1) relates to any property included in a case already pending in this Court; (2) grows out of the same transaction as any case already pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court, counsel shall at the time of filing the action inform the Clerk of such fact.

Courts generally require the publication of a new, PSLRA notice when additional corrective disclosures are made and new theories can be asserted after the appointment of a lead plaintiff. *See Dube v. Signet Jewelers Ltd.*, No. 16-CV-6728 (JMF), 2017 WL 1379385, at *1-2 (S.D.N.Y. Apr. 14, 2017) (ordering lead plaintiff to republish notice pursuant to the PSLRA to reflect new class period and theories alleged in the second amended complaint).

Courts disfavor allowing a lead plaintiff to file an amended complaint encompassing a new class period and allegations without first providing notice of the new claims to others who may wish to serve as a lead plaintiff.[2] *Id. See, e.g., In re Cybertronics, Inc. Sec. Litig.*, 468 F. Supp. 2d 936, 940 (S.D. Tex. 2006) (requiring republication where amended complaint "substantially expand[ed] the potential class of plaintiffs by adding new claims and significantly expanding the class period"); *In re LeapFrog Enters., Inc. Sec. Litig.*, No. 03 Civ. 5421, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005) (requiring republication where consolidated complaint included new allegations and expanded class period by nine months); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, No. 05 Civ.1989, 2005 WL 1322721, at *3 (S.D.N.Y. June 1, 2005); *In re Select Comfort Corp. Sec. Litig.*, No. 99 Civ. 884, 2000 WL 35529101, at *7–*8 (D. Minn. Jan. 27, 2000) (requiring new notice where "entirely new factual and legal allegations . . . affect[ed] a new class of plaintiffs").

*Leapfrog* is instructive. There, the original complaint covered a six-month class period. WL 5327775, at *4. Additional facts emerged shortly thereafter and a second plaintiff filed a complaint for a seven-month period that followed the original period. *Id*. at *5. The lead plaintiff in the original case filed an amended complaint combining both class periods from the two actions. *Id*. The second plaintiff objected, arguing new notice was required. *Id*. at *4. The Court

---

[2] *See also Kaplan v. S.A.C Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013) ("[A]llowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process.').

agreed, finding the original complaint's six-month class period compared to the amended complaint's fifteen-month class period "dramatically alters the contours of the lawsuit." *Id*. at *10.

Here, while both actions allege violations of the federal securities laws, each concern different transactions and events at different periods of time, and different (though overlapping) class periods covering different (though overlapping) classes of Syneos investors. More specifically, the *Vaitkuvienė* Action alleges violations of the federal securities laws between May 10, 2017, and November 8, 2017, and claims that Syneos' predecessors, INCR, issued false and misleading forward-looking statements concerning the expected benefits of its then-contemplated merger with InVentiv. Document No. 6-3, at ¶¶36-40, 47-53, 90-140. The *Vaitkuvienė* Action is also replete with claims that INCR made material omissions of fact in proxy statements issued to investors in the lead-up to the merger. *Id*. at ¶¶209-244. *Vaitkuvienė* Plaintiffs claim investors suffered damages when these benefits failed to materialize, in September through November of 2017. *Id*. at ¶¶118-145, 255-260.

By contrast, the *Murakami* Action alleges violations of the federal securities laws from May 10, 2017, through February 27, 2019, a class period extending over eighteen months beyond the current class period in the *Vaitkuvienė* Action. The *Murakami* Action alleges that Syneos and the Individual Defendants issued false and misleading financial statements in their annual and quarterly reports filed with the U.S. Securities and Exchange Commission and failed to establish and maintain adequate internal controls. *Murakami*, Dkt. No. 1 at ¶¶19-29.  Tellingly, the *Vaitkuvienė* Amended Complaint does not allege that INCR or Syneos' publicly-filed financial statements were false or misleading or that internal controls were deficient in any way. Even

6

more, the *Murakami* Action alleges misstatements not mentioned, in form or in substance, in the *Vaitkuvienė* Action. The bulk of the misstatements in the *Murakami* Action specifically discussing the SEC's investigation of Syneos' revenue reporting practices, first announced on November 6, 2018—well beyond the end of the class period in both the current and the proposed second amended complaint in the *Vaitkuvienė* Action.

Here, similar to *Leapfrog*, the claims asserted in the *Murakami* Action are properly subject to a separate PSLRA early notice because the *Murakami* Action concerns new misconduct regarding Syneos' financial reporting and an expanded class period that would alter the more narrowly drawn contours of the *Vaitkuvienė* Action. *See Id*. at \*10. *See also Howard v. Filipowski*, No. 03 C 5561, 2003 WL 22706960, at \*1-2 (N. D. Ill. Nov. 14, 2003) (refusing to relate securities cases brought close in time to one another because relief sought concerned "a different set of occurrences").

The *Vaitkuvienė* Plaintiffs point to the brief overlap in the class periods alleged in in the two actions as evidence that the case is related. *See* Document No. 6-1, at page 14 of 37. Such overlap in itself does not warrant relation and consolidation. *See In re LendingClub Securities Litig.*, No. 3:16-cv-02627-WHA, Dkt. No. 391 (N.D. Cal. Aug. 6, 2018) (refusing to relate and consolidate later-filed securities class action against same issuer where class periods overlapped by 14 months because first action involved improperly altered loan applications while second action involved improperly marketed loans).

Similarly, Lead Plaintiffs may not carte blanche designate all types of securities fraud or unlawful behavior by Syneos as automatically included within the contours of the *Vaitkuvienė* Action. *See id*. In short, the actions are factually different and allege different misrepresentations

7

occurring during different class periods. The actions are not related within the meaning of Rule 40.1(c).

### C. *Vaitkuvienė* Plaintiffs Do Not Seek Merely to Extend their Class Period, But to State Entirely New and Different Claims Stated in the *Murakami* Action

*Vaitkuvienė* Plaintiffs disingenuously suggest that the only modification to their existing Amended Complaint that would be required to consolidate these cases is to extend their class period.

In arguing that their case is related, they state that, "…the *Vaitkuvienė* Action alleges, among other things, that Defendants repeatedly made material misrepresentations and omissions regarding *the Company's projected revenues and growth prospects.*" Dkt. 6-1, at page 13 of 37 (emphasis added). But this has nothing to do with the material misstatements and omission alleged by Plaintiff Murakami, which related to the Syneos' financial reporting and internal controls. ("On February 21, 2019, the [SEC] notified the Company that it has commenced an investigation into the Company's *revenue accounting policies, internal controls and related matters…*", Exhibit C to the Memorandum in Support of the Motion, at 2, and reproduced in the Memorandum in Support at page 13 of 37).

Nowhere in the *Vaitkuvienė* Plaintiffs' Amended Complaint do they allege any misstatement or omission in INCR or Syneos' public filings with the SEC, as (correctly) pointed out by the *Vaitkuvienė* Defendants. *See* Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint (E.D.N.C. Case No. 5:18-cv-00029 (H)(KS), Dkt. # 55, attached hereto as Exhibit A, at page 10 of 55 ("Tellingly, plaintiffs do not challenge the accuracy of even one INCR financial statement or dispute the accuracy of anything INCR said about its *own* business.") The *Vaitkuvienė* plaintiffs state that "… the *Vaitkuvienė* Action alleges that

8

Defendants made misleading statements about the Company's reported revenues on May 10, 2017, when Syneos first released its financial results for the quarter beginning January 1, 2017," citing their Amended Complaint at ¶¶96-140, but none of these forty-four (44) paragraphs actually asserts that any statement contained in Syneos' public filings was false or misleading.

They point to statements in INCR's May 10, 2017 Press Release and May 10, 2017 Investor Presentation (¶¶96-98), a May 10, 2017 Investor Conference Call (¶99), comments by INCR personnel at a June 7, 2017 Jeffries Global Healthcare Conference (¶103), and contemporaneous presentation (¶104), proxy materials (¶¶106-107), a July 19, 2017 Schedule 14A (¶108), a July 27, 2017 conference call and presentation (¶¶110-114), a September 6, 2017 Wells Fargo Securities Health Care Conference (¶P119-122), a September 7, 2017 Robert W. Baird Global Healthcare Conference (¶¶123-129), a November 9, 2017 press release and conference call (¶¶133-140). In fact, they appear to question every significant public statement by INCR during that time period *except for* its publicly-filed financial statements.[3] Similarly, nowhere in their Amended Complaint do the *Vaitkuvienė* plaintiffs makes any allegation whatsoever as to the adequacy of, or the truthfulness of any statements regarding, INCR or Syneos' internal controls.

---

[3] Their Amended Complaint contains passing discussion—in the context of the statements described above—of INCR and Syneos' financial results performance metrics, some of which were presumably also discussed in their contemporaneous public filings. They do not, however, question the accuracy of the reported metrics or assert that the statements in Defendants' public filings were false or misleading or caused or contributed to the *Vaitkuvienė* plaintiffs' alleged damages.

Thus, consolidation of the claims asserted in the *Murakami* action with the unrelated theories advanced in the *Vaitkuvienė* Action would "dramatically alter [] the contours of the lawsuit," *Dube v. Signet Jewelers Ltd.,* No. 16-CV-6728 (JMF), 2017 WL 1379385, at *2 (SDNY Apr. 14, 2017), requiring new notice and a reopened lead plaintiff process.

### D. Transfer of the *Murakami* Action Without Adjudication of the Lead Plaintiff Motion is Premature and Inappropriate

Courts have "a continuing duty in a class action case to scrutinize the class attorney to see that he or she is adequately protecting the interests of the class…." *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718, 725–26 (7th Cir. 2016) (emphasis added) (rejecting the parties' agreed-upon settlement which provided no value to shareholders). Here, to protect the class and other putative class members, it is appropriate for the Court to closely scrutinize and reject the *Vaitkuvienė* Plaintiffs' request to transfer the *Murakami* Action given the circumstances and timing of this request.

As discussed above, the *Vaitkuvienė* plaintiffs are facing a fully-brief motion to dismiss, a copy of which is attached as Exhibit A hereto. The motion to dismiss amply illustrates the significant barriers to recovery that the *Vaitkuvienė* plaintiffs face. As stated in their operative Amended Complaint, the *Vaitkuvienė* action is based entirely upon forward-looking statements by Syneos' predecessor, INCR, regarding the expected benefits of their then-contemplated merger with InVentiv. Such statements—including financial projections and statements of plans and objectives for management of future operations," –may fall within the PSLRA's Safe Harbor, 15 U.S.C. § 78u-5(i), and each of which was accompanied by extensive disclaimers.

Having now been confronted with a fulsome challenge to their theory of their case, and fully appreciating that their claims are may be dismissed and their class barred from any recovery, the

10

*Vaitkuvienė* plaintiffs seek now to seize upon the entirely different theory and facts alleged by Plaintiff *Murakami*, effectively attempting their existing case back to square one—mooting the significant investment of time and resources invested by the *Vaitkuvienė* parties in litigating the motion to dismiss and other associated motions pending before the E.D.N.C.

The Court should not permit the *Vaitkuvienė* plaintiffs to use the Federal Rules of Civil Procedure permitting consolidation and transfer—rules which are intended to secure the just, speedy, and efficient resolution of claims—to secure a "second bite at the apple" based on new facts and theories that did not exist and were not asserted when their original suit was filed, after choosing to litigate their existing claims and later becoming disillusioned with their arguments.

If the *Vaitkuvienė* plaintiffs are adequate to represent the interests of the putative class alleged in the *Murakami* action, they should move for appointment as lead plaintiffs and submit their arguments and evidence in support thereof as contemplated by the PSLRA.

## CONCLUSION

Because the *Vaitkuvienė* and *Murakami* actions are based upon facts and legal theories and alleged different classes and class periods, and given that the circumstances surrounding the request raises questions regarding the *Vaitkuvienė* Plaintiffs' ability to prosecute the claims asserted by the *Murakami* proposed class, the relief requested in the Motion should be denied and the lead plaintiff process in the *Murakami* action should be permitted to play out pursuant to the schedule the Court has set.

11

Dated: April 22, 2019                    Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         By: /s/ Laurence M. Rosen
                                         Laurence M. Rosen
                                         609 W. South Orange Avenue, Suite 2P
                                         South Orange, NJ 07079
                                         Tel: (973) 313-1887
                                         Fax: (973) 833-0399
                                         Email: lrosen@rosenlegal.com

                                         *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this this document will be filed through the ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 22, 2019.

/s/ *Laurence M. Rosen*
Laurence M. Rosen

13