**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Yuichi Murakami, Individually and on Behalf of All Others Similarly Situated,   ) | Case No.: 3:19-cv-07377-MAS-LHG |
| Plaintiff,   ) | Honorable Michael A. Shipp |
| v.   ) | |
| SYNEOS HEALTH, INC., ALISTAIR MACDONALD, GREGORY S. RUSH, and JASON MEGGS,   ) | Motion Date: May 6, 2019 |
| Defendants.   ) | |

**RESPONSE OF DEFENDANT SYNEOS HEALTH, INC. TO
THE TEXAS PENSION FUNDS' MOTION TO INTERVENE,
STRIKE THE MURAKAMI LEAD PLAINTIFF DEADLINE,
AND TRANSFER TO THE EASTERN DISTRICT OF NORTH CAROLINA**

Defendant Syneos Health, Inc. ("Syneos"), by and through its undersigned counsel, respectfully submits this response to The Texas Pension Funds' Motion to Intervene, Strike the Murakami Lead Plaintiff Deadline, and Transfer to the Eastern District of North Carolina filed on March 28, 2019 (Dkt. No. 6) (the "Motion"). While understandable, given the complete lack of merit to the claims alleged in this action, no defendant has been served with process in this action or any papers related to the Motion. Nevertheless, in an abundance of caution, Syneos makes this brief submission in connection with the Motion. In doing so, Syneos reserves all rights and defenses in this action, including its right to seek security for payment of costs, 15 U.S.C. § 78u-4(a)(8), and with respect to the mandatory review by this Court for sanctions in respect of abusive litigation such as this. 15 U.S.C. § 78u-4(c).

*First*, in the event that any motion is filed in this action seeking appointment as Lead Plaintiff, any such request is premature. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), issues as to venue and consolidation, such as those raised in the Motion, must

be addressed first.  The PSLRA provides that "the court shall not make the [Lead Plaintiff] determination . . . until after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Because the Motion seeks to transfer this action to the Eastern District of North Carolina in order to then seek "the consolidation contemplated by the PSLRA" (Motion at 26), this Court should rule on the transfer Motion before addressing any motion that might be filed seeking appointment as Lead Plaintiff here.

*Second*, rather than transfer this case to North Carolina, as requested in the Motion, this Court should *sua sponte* dismiss without prejudice this needless litigation alleging claims on behalf of a similar putative class of Syneos stockholders.  "[T]here is a 'power inherent' in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Remington Rand Corp*. v. *Business Systems, Inc*., 830 F.2d 1274, 1275-76 (3d Cir. 1987).  This action plainly has no connection with New Jersey, and there is and was no basis to file the case in the District of New Jersey.  The claim is brought by a Japanese citizen, against a Delaware corporation headquartered in North Carolina along with individuals supposedly residing in North Carolina with no allegations that any alleged conduct giving rise to the claims occurred in New Jersey.  (*See* Motion at 21-22).  This Court has "'a great deal of latitude and discretion'" in deciding whether to dismiss a second federal lawsuit between the same parties, *Serlin* v. *Arthur Andersen & Co*., 3 F.3d 221, 223 (7th Cir. 1993), and the Court may dismiss seriatim litigation *sua sponte*.  *Mendlow* v. *Library of Congress,* 1999 WL 187762, *1 (D.C. Cir. Feb. 17, 1999).  There is no conceivable reason for this action to have been filed in New Jersey, and no need for this Court to waste its resources on motion practice in this case.

There also is no reason for this Court to transfer this lawsuit to North Carolina because these claims, hastily filed by a Japanese citizen 7,000 miles and several time zones away less

-2-

than 48 hours after the events at issue, are plainly meritless.  This action was filed immediately after Syneos announced after the close of markets on February 27, 2019 that it was delaying the release of its Form 10-K for the year ended December 31, 2018 because of an internal investigation by its audit committee into Syneos' "revenue accounting policies, internal controls and related matters," as well as a notice it received from the U.S. Securities and Exchange Commission ("SEC") regarding an investigation into similar topics.  (Compl. ¶ 27.)  Less than two days later, in the early hours of the morning in Japan, Plaintiff filed the Complaint here in New Jersey, together with a certification from Mr. Murakami of dubious validity.  Rather than wait for the release of Syneos' Form 10-K that is the basis for his claim, Plaintiff filed his Complaint based upon nothing more than conjecture and surmise about what Syneos' Form 10-K might say when issued.

Just a few weeks later, however, Syneos filed is Form 10-K, which eviscerated all of the baseless speculation in the Complaint.  In its March 18, 2019 Form 10-K for the fiscal year ended December 31, 2018, a true and correct copy of which is attached hereto as **Exhibit 1**, Syneos' outside auditor (Deloitte & Touche LLP) certified its "unqualified opinion" on Syneos' financial statements, and its expert opinion that "the financial statements present fairly, in all material respects, the financial position of the Company as of December 31, 2018 and 2017, and the results of its operations and its cash flows for each of the three years in the period ended December 31, 2018, in conformity with accounting principles generally accepted in the United States of America on those financial statements."  (Ex. 1 at 81.)  While Deloitte & Touche did "express[] an adverse opinion on the Company's internal control over financial reporting because of material weaknesses" in Syneos' fiscal year ended December 31, 2018 internal controls, the

auditors found that those weaknesses did **not** lead to any financial errors, and did "not affect [its] report on such financial statements" referenced in the Complaint here.[1]  (Ex. 1 at 81, 82.)

Syneos announced its fiscal year 2018 earnings and held a conference call with market analysts on March 18, 2019.[2]  As Syneos then explained, it identified the internal control weaknesses *before* any investigations into its internal controls, and promptly undertook and implemented measures to remediate these weaknesses.  (Ex. 2 at 7.)  The review did not result in any restatement of prior period financial results, including any one of the financial statements referenced in the Complaint.  Moreover, even with respect to fiscal 2018, Syneos "didn't have any changes to the numbers [it was] looking at as [it] started that independent review."  (*Id.* at 7.)

For the foregoing reasons, this Court should dismiss without prejudice the action, or in the alternative grant the Motion and transfer this action to the Eastern District of North Carolina.

This the 22nd day of April, 2019.

*Of counsel*:

Thomas C. White
Meg K. Lippincott
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*s/Brian T. Frawley*
Brian T. Frawley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
frawleyb@sullcrom.com

*Counsel for Defendant*
*Syneos Health, Inc.*

---

[1]  "The material weaknesses resulted from accounting errors identified by the financial statement audit and deficiencies identified in the design and operating effectiveness of internal controls within the Clinical Solutions segment in connection with the revenue recognition process under ASU 2014-09 'Revenue from Contracts with Customers' (ASC 606), which the Company adopted on January 1, 2018."  (Ex. 1 at 142.)

[2]  A true and correct copy of Syneos' March 18, 2019 Q4 2018 Earnings Call Transcript is attached hereto as **Exhibit 2**.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a copy of the foregoing document was filed with the Court's CM/ECF system which served the same on all parties of record.

This the 22nd day of April, 2019.


_s/Brian T. Frawley_
Brian T. Frawley