SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/639-9393 (fax)

*Local Counsel*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUICHI MURAKAMI, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 3:19-cv-07377-MAS-LHG  ) ) Hon. Michael A. Shipp |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SYNEOS HEALTH, INC., ALISTAIR MACDONALD, GREGORY RUSH, and JASON MEGGS, | ) ) ) ) |
| Defendants. | ) ) |

# THE TEXAS PENSION FUNDS' MEMORANDUM OF LAW IN OPPOSITION TO DAVID CHAU'S MOTION FOR <u>APPOINTMENT AS LEAD PLAINTIFF</u>

## TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Bank of Am. Corp. Sec., Deriv. & Emp't Ret. Income Sec. Act (ERISA) Litig.*,
 No. 09 MDL 2058(DC), 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ........................................1

*In re Fuwei Films Sec. Litig.*,
 247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................................................3

*In re Milestone Sci. Sec. Litig.*,
 187 F.R.D. 165 (D.N.J. 1999) ....................................................................................................1

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................................3

*In re Vicuron Pharms. Sec. Litig.*,
 225 F.R.D. 508 (E.D. Pa. 2004) .................................................................................................3

*Steck v. Santander Consumer USA Holdings Inc.*,
 No. 14-CV-6942 (JPO), 2015 WL 3767445 (S.D.N.Y. June 17, 2015) ................................2, 3

Proposed intervenors, the Texas Pension Funds, are the court-appointed Lead Plaintiffs in the pending securities class action against Syneos, and others in the Eastern District of North Carolina.[1]  As such, the Texas Pension Funds respectfully submit this memorandum of law in opposition to David Chau's motion for appointment as lead plaintiff because it is improper or, at a minimum, premature.

The PSLRA vests in a lead plaintiff the authority to manage the litigation for the benefit of the class in an effort to maximize any potential recovery.  *See In re Milestone Sci. Sec. Litig.*, 187 F.R.D. 165, 176 (D.N.J. 1999) ("[T]he lead plaintiff has significant responsibilities and duties, including the management of the direction of the case."); *see also In re Bank of Am. Corp. Sec., Deriv. & Emp't Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058(DC), 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) ("Lead Plaintiffs have the authority to decide what claims to assert on behalf of securities holders. Permitting other plaintiffs to bring additional class actions now, with additional lead plaintiffs and additional lead counsel, would interfere with Lead Plaintiffs' ability and authority to manage the Consolidated Securities Actions.").

---

[1]  All defined terms herein shall have the same definitions as set forth in the Memorandum of Law in Support of the Texas Pension Funds' Motion to Intervene, Strike the Murakami Lead Plaintiff Deadline, and Transfer to the Eastern District of North Carolina [ECF No. 6-1] ("Motion to Intervene").

The Texas Pension Funds are the court-appointed Lead Plaintiffs in the *Vaitkueviene* Action – a related securities class action currently pending against Syneos and others in the Eastern District of North Carolina. As Lead Plaintiffs, the Texas Pension Funds are authorized to prosecute and manage the claims of the putative class members, which include the claims asserted in the *Murakami* Action, as further detailed in the Motion to Intervene and the reply in further support. ECF Nos. 6, 13. The *Murakami* Action pleads claims directly relating to and further supporting the claims pled in the *Vaitkueviene* Amended Complaint, against virtually identical defendants, during an overlapping class period (May 10, 2017 through February 27, 2019), thus the determination of the appropriate class period and claims to allege belongs exclusively to the Texas Pension Funds.[2] As such, Mr. Chau's motion for appointment as lead plaintiff in this action is improper and should be denied.

Further, Mr. Chau's motion for appointment as lead plaintiff should not be considered until the Texas Pension Funds' pending motion to transfer (and consolidation with the *Vaitkueviene* Action) has been decided. *See Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 (JPO), 2015 WL

---

[2] The Texas Pension Funds have filed a Notice of Recent Events in the *Vaitkueviene* Action advising the court of the disclosure that gave rise to the *Murakami* Action and informing the Court that, as further details emerge, the Amended Complaint may require amendment. *Vaitkueviene* Action, ECF No. 72.

3767445, at *10 (S.D.N.Y. June 17, 2015) (granting transfer motion and denying pending motion for appointment of lead plaintiff to be decided by the transferee court). Under the PSLRA's governing framework, where more than one action on behalf of a class asserting substantially the same claim or claims has been filed, a lead plaintiff may not be appointed until after any motion to consolidate is decided. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).[3] While the statue is silent on transfer motions, the jurisdiction where the action properly belongs should decide the questions of consolidation and lead plaintiff. *See Steck*, 2015 WL 3767445, at *10. It would be contrary to the requirements of the PSLRA, a waste of judicial resources, and engender confusion if this Court were to appoint a lead plaintiff and then consider and transfer the actions to the Eastern District of North Carolina. To that end, even if the *Murakami* Action were properly before this Court – it is not[4] – consideration

---

[3]  The cases cited in Mr. Chau's motion are in accord. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (consolidating cases that allege claims against additional defendants with differences in facts and legal issues prior to deciding appointment of lead plaintiff); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 43 (S.D.N.Y. 1998) (reaching decision on competing motions for lead plaintiff after the related cases had been consolidated); *In re Vicuron Pharms. Sec. Litig.*, 225 F.R.D. 508, 509 (E.D. Pa. 2004) (same).

[4]  It is virtually undisputed that this action should be transferred to the Eastern District of North Carolina. *See* ECF Nos. 6, 13 (Texas Pension Funds' request to transfer); ECF No. 12 (Defendants' response to the Motion to Intervene conceding that, absent dismissal, the *Murakami* Action should be transferred); ECF No. 9 (Murakami's opposition to the Motion to Intervene ignoring the Texas Pension Funds' request for transfer); ECF No. 14 (Murakami's feeble request that the Court

of Mr. Chau's motion for appointment as lead plaintiff at this juncture would be premature.  *See* ECF Nos. 12, 13.

Therefore, for the reasons set forth herein, the Texas Pension Funds respectfully request that the Court deny Mr. Chau's Motion for Appointment as Lead Plaintiff.

DATED:  May 20, 2019            Respectfully submitted,

SEEGER WEISS LLP

*s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER

DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/639-9393 (fax)

*Local Counsel for Proposed Intervenors San Antonio Fire & Police Pension Fund and El Paso Firemen & Policemen's Pension Fund*

---

defer to his choice of forum absent a showing of material inconvenience to Defendants).

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
STEPHEN R. ASTLEY
ELIZABETH A. SHONSON
SABRINA E. TIRABASSI
ANDREW T. REES
CONSTANTINE P. ECONOMIDES
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
jreise@rgrdlaw.com
sastley@rgrdlaw.com
eshonson@rgrdlaw.com
stirabassi@rgrdlaw.com
arees@rgrdlaw.com
ceconomides@rgrdlaw.com

*Attorneys for Proposed Intervenors San Antonio Fire & Police Pension Fund and El Paso Firemen & Policemen's Pension Fund*

## **CERTIFICATE OF SERVICE**

I, Christopher A. Seeger, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and papers copies will be sent to those indicated as non-registered participants on May 20, 2019.

                                              *s/ Christopher A. Seeger*
                                              CHRISTOPHER A. SEEGER