**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUICHI MURAKAMI, Individually and on behalf of all others similarly situated, | Case No: 3:19-cv-07377-MAS-LHG |
| Plaintiff, | Hon. Michael A. Shipp |
| v. | |
| SYNEOS HEALTH, INC., ALISTAIR MACDONALD, GREGORY RUSH, and JASON MEGGS, | |
| Defendants. | |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Yuichi Murakami ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, respectfully submits this response to the Court's October 16, 2019 Order to Show Cause.

## PROCEDURAL POSTURE

Plaintiff filed this putative class action on March 1, 2019, stating claims for violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the U.S. Securities Exchange Commission. Dkt. No. 1. Summons addressed to each of the four defendants—Syneos Health, Inc. ("Syneos"), Alistair Macdonald, Jason Meggs, and Gregory Rush—were issued by the Court on March 4, 2019. Dkt. No. 2. On March 28, 2019, third-party San Antonio Fire & Police Pension Fund and El Paso Firemen & Policemen's Pension Fund (together, the "Funds") filed a motion (hereinafter, the "Motion to Intervene") to intervene in this matter, strike the previously-established lead plaintiff deadline, and transfer this action to the Eastern District of North Carolina to be consolidated with an existing action in which the Funds are lead plaintiffs, *Vaitkueviene v. Syneos Health, Inc. et al.,* No. 5:18-cv-00029-H-KS (E.D.N.C.) Dkt. No. 6. On April 22, 2019, Defendant Syneos Health, Inc. through its counsel, Brian Frawley of Sullivan & Cromwell, LLP, and filed an appearance in this action and a Response to the Motion to Intervene. Dkt. Nos. 10-11. Movant David Chau filed a motion to appoint lead plaintiff and to approve selection of counsel on April 30, 2019. Dkt. No. 15. Defendant Syneos has been actively involved in this litigation since it first appeared. See Dkt. No. 19.

1

On October 16, 2019, the Court issued its Order to Show Cause directing Plaintiff to file proof of service of the Complaint in compliance with Rule 4 or otherwise show cause in writing why this action should not be dismissed. Dkt. No. 21.

Plaintiff immediately moved to serve each of the Defendants with the Summons and Complaint. Defendant Syneos was served through its Delaware agent for service of process on October 17th. See Exhibit 1. Defendant Gregory Rush was personally at his place of business in North Carolina served on the same day. See Exhibit 2. Defendant Jason Meggs was served on October 21, 2019. See Exhibit 3. Plaintiff's process server was unable to serve Defendant Macdonald at Syneos' North Carolina headquarters, where it was reported to him that Defendant Macdonald resided in the United Kingdom and was not ordinarily present there. Plaintiff's counsel conferred with Defendant Syneos' counsel to coordinate service upon Defendant Macdonald. Defendant Syneos' counsel confirmed that he was also representing Defendants Macdonald and Meggs and agreed to accept service on their behalf, subject to reservation of rights and under objection that such service was untimely. The summons and complaint were served upon Defendants Macdonald and Meggs through their counsel on November 4, 2019. See Exhibits 4 & 5.

**ARGUMENT**

Plaintiff concedes that service of process upon the Defendants was not completed within the 90-day period prescribed by Federal Rule of Civil Procedure 4(m). Plaintiff does not assert any good cause to excuse this failure—it was a result of inadvertent error, which precedent has made clear cannot satisfy the burden of showing good cause.

However, Plaintiff's counsel has acted immediately to correct this oversight and has obtained service upon all four defendants and filed proof of same, which proofs are also attached hereto as Exhibits 1-4. For the reasons stated herein, Plaintiff requests that the court exercise its

2

discretion under Rule 4(m) to extend the 90-day time provided under Fed. R. Civ. P. 4(m) to permit and approve this recent service.

### A. The Court has discretion to extend the 90-day time to accomplish service of process under Fed. R. Civ. P. 4(m)

The Third Circuit has held that a district court determining whether to grant an extension of time to serve process must engage in a two-part inquiry. *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995). "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service ...." Id.  In the absence of good cause, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli,* 46 F.3d at 1306. The discretionary inquiry is separate from the good cause inquiry; in fact, "a court abuses its discretion by using its good cause analysis to find an exercise of discretion is unwarranted per se." *Jumpp v. Jerkins,* No. 08–6268, 2010 U.S. Dist. LEXIS 17765, at *21(D.N.J. Mar. 1, 2010) (citing *Boley v. Kaymark,* 123 F.3d 756, 758–60 (3d Cir.1997)). In determining whether to grant a discretionary extension, the court may consider several factors, including: "1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor." *Id.* at *20.[1]

Where (as here) defendants has been on notice of the plaintiff's lawsuit (as evidenced by his or her active participation in the case, there can be little argument that said defendant has been prejudiced by failure of timely service.  *See, e.g., In re Novergence, Inc.,* 405 B.R. 709 (D.N.J. Bkrtcy. 2009) (discretionary extension of time for service of process warranted where defendant

---

[1] *See also* Fed. R. Civ. P. 4 advisory committee notes to the 1993 amendments to subdivision (m) ("The new subdivision… authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.") The advisory committee's note states that "[r]elief may be justified… if the applicable statute of limitations would bar the refiled action." *Id.* Relief may also be "appropriate where defendant has not been prejudiced by the delay of service." *Speiss v. Meyers,* 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007).

had been active participant in proceeding and had not demonstrated prejudice from failure to timely effectuate service).

> **B. Service of Process Has Been Promptly Effectuated in Response to the Court's Order to Show Cause, No Prejudice Will Accrue from the Court's Exercise of its Discretion to Extend Time for Service, and Granting Such Extension is in the Interest of Judicial Economy**

Defendants will not be prejudiced by the Court's exercise of its discretion to extend the period for service.  Plaintiffs swiftly acted to effectuate service upon all four Defendants in this action in response to the Court's October 16, 2019 Order. Whether service has actually been obtained after the expiration of the 90-day period under Fed. R. Civ. P. 4 has been recognized as an important factor in the decision whether to grant a discretionary extension.  *See, e.g., Goodstein v. Bombardier Capital, Inc.,* 167 F.R.D. 667 (D. Vt. 1996) The rules of service of process are to be liberally constructed, particularly where the defendants have actual notice of the complaint. *Concepcion v. VEB Backereimaschenbau Halle,* 120 F.R.D. 482 (D.N.J. 1988). Where Defendants had actual notice and have actively participated in the litigation, there can be no meaningful prejudice. Finally, the interests of judicial economy and the avoidance of unnecessary delay favor the Court's exercise of its discretion to approve Plaintiff's untimely service. As any dismissal would be without prejudice, and refiling of Plaintiff's claims would not be barred by any statute of limitations or repose,[2] it would serve only to delay and incur additional expenditure

---

[2] The misrepresentations detailed in the Complaint were revealed no earlier than February 27, 2019, and the first alleged materially-misleading statement occurred on February 28, 2017. Section 10(b) of the Securities Exchange Act of 1934 and S.E.C. Rule 10b-5 set the statute of limitations at "two years after the fraud has been discovered and not more than five years after the fraud has occurred."  Thus, Plaintiff would not be time-barred from immediately re-filing and re-alleging the claims asserted in this action.

of resources by both parties and the Court. Avoiding this unnecessary burden counsels in favor of a discretionary extension. *See Wilson v. Prudential Financial,* 332 F. Supp.2d 83 (D.D.C. 2004) (district court did not abuse discretion by directing plaintiff to effect service within a specified time, rather than dismissing complaint without prejudice, since court did not have any indication that granting plaintiff extra time to perfect service would have worked great prejudice to defendant and such direction was in the interest of judicial economy).

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court extend Plaintiff's time to effectuate service of process to and through today, November 8th, 2019, and approve and ratify Plaintiff's service upon each of the named Defendants between October 17th through November 4th, 2019.

Dated: November 8, 2019                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           By: /s/ Laurence M. Rosen
                                           Laurence M. Rosen
                                           609 W. South Orange Avenue, Suite 2P
                                           South Orange, NJ 07079
                                           Tel: (973) 313-1887
                                           Fax: (973) 833-0399
                                           Email: lrosen@rosenlegal.com

                                           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this this document will be filed through the ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 8, 2019.

                                           /s/ *Laurence M. Rosen*
                                           Laurence M. Rosen

6