## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YUICHI MURAKAMI, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

SYNEOS HEALTH, INC., ALISTAIR MACDONALD, GREGORY S. RUSH, and JASON MEGGS,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 3:19-cv-07377-MAS-LHG

Honorable Michael A. Shipp

### DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

David A. Kotler
DECHERT LLP
502 Carnegie Center, Suite 104
Princeton, NJ 08540
Telephone: 609-955-3200
Fax: 609-955-3259
David.kotler@dechert.com

*Counsel for Defendant Gregory S. Rush*

*Of counsel*:

David H. Kistenbroker
Joni S. Jacobsen
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601-1608
Telephone:  (312) 646-5811
Fax:  (312) 646-5858

Brian T. Frawley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
frawleyb@sullcrom.com

*Counsel for Defendants Syneos Health, Inc., Alistair Macdonald and Jason Meggs*

*Of counsel*:

Thomas C. White
Meg K. Lippincott
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

November 20, 2019

Defendants respond as follows to Plaintiff's Response to Order to Show Cause (Dkt. No. 27) ("Pl. Resp.").  Plaintiff filed this action on March 1, 2019, but for well over six months thereafter he never once (i) attempted service on any defendant, (ii) requested a waiver or acceptance of service from Defendants, or (iii) requested from Defendants or this Court an extension of time to effect service, even though Defendant Syneos Health, Inc. ("Syneos") reminded Plaintiff repeatedly of his service failures.  On October 16, 2019, the Court issued an Order to Show Cause directing Plaintiff to file proof of service or show cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Civil Rule 5.1(b).  (Dkt. No. 21)  Plaintiff now concedes that he failed to comply with Rule 4, and he has not remotely demonstrated any basis to avoid dismissal of this action.

Tellingly, Plaintiff flat out concedes that he lacks "any good cause to excuse []his failure" to serve Defendants.  (Pl. Resp. 2.)  While he contends that his failure to effect service "was the result of inadvertent error" (*id.*), this is patently false.  Syneos twice pointed out—***before and after the Rule 4 deadline for service passed***—that Plaintiff failed to serve any Defendant.[1] Rather than address his failure to comply with Rule 4, Plaintiff simply acknowledged that failure (Dkt. No. 20, at 4 & n.1), and did ***nothing***.  Plaintiff's conscious and flagrant disregard of the Federal and Local Rules alone warrants dismissal of this action.  *See Ortiz* v. *New Jersey*, 2015 WL 3755063, *3 (D.N.J. Jun. 16, 2015) (denying a discretionary extension of time after plaintiff

---

[1] *See* April 22, 2019 Response of Defendant Syneos Health, Inc. to the Texas Pension Funds' Motion to Intervene, Strike the Murakami Lead Plaintiff Deadline, and Transfer to the Eastern District of North Carolina (Dkt. No. 12) (the "April 22 Response") ("no defendant has been served with process in this action"); August 29, 2019 Notice of Recent Events (Dkt. No. 19) (the "August 29 Notice") ("no defendant has been served with process in this action or any papers related to the Motion, even though the deadline for doing so under Federal Rule of Civil Procedure 4 in this six-month old case expired over 90 days ago.").  While beside the point, given Plaintiff's many other failures, Defendants were not served with *any* other papers filed in this case, in violation of Rule 5, and any suggestion otherwise in certificates of service filed with this Court is untrue.

was informed by defendants of Rule 4 violation and did nothing); *Pfeifer* v. *N.J. Reinsurance Co.*, 304 F.R.D. 478, 480 (D.N.J. 2015) (same).

Beyond this, Plaintiff fails to articulate any basis entitling him to purely discretionary relief from Rule 4 in order to belatedly serve Defendants.  In considering whether Plaintiff earned a discretionary exception to Rule 4, this "court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint."  *Chiang* v. *U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).  Plaintiff is obviously not *pro se*, and he does not contend that a dismissal would raise any statute of limitations issue or that any defendant avoided service (indeed, Plaintiff served defendants as soon as one day after entry of this Court's Order).  While Plaintiff contends that Defendants had notice of this suit and have not been prejudiced by Plaintiff's tactics, the Third Circuit affirmed a Rule 4 dismissal in the face of similar claims.  *Id.* at 116.

Moreover, Defendants plainly have been prejudiced by the pendency of this meritless action.  This action asserts claims on behalf of a putative class that overlaps with a prior pending action in North Carolina, alleging claims under the same provisions of the federal securities laws.  (April 22 Response 2–3.)  The mere pendency of this needless and facially meritless overlapping action caused the North Carolina court to stay that earlier-filed action pending the outcome of the (now terminated) motions filed this Court, rather than rule on Defendants' motion to dismiss the North Carolina case with prejudice, which was filed more than one year ago.  *See Eglé Vaitkuviené* v. *Syneos Health, Inc.*, *et al.*, No. 5:18-cv-29, Sept. 23, 2019 Order at *3 (annexed as Ex. A hereto).  As a result of Plaintiff's gamesmanship, Defendants have two plainly meritless fraud actions pending against them, neither of which is proceeding toward a resolution.

-2-

Further, a dismissal without prejudice of this action would not "serve only to delay and incur additional expenditure." (Pl. Resp. 4.) Plaintiff's complaint is entirely without factual basis, and the speculation upon which it was founded was proven false by subsequent events. (August 29 Notice 2.) If Mr. Murakami—a Japanese citizen 7,000 miles away and having no connection to New Jersey—wishes to again burden Defendants and this Court with another lawsuit based upon the same, facially false, allegations, he should do so following dismissal in compliance with the Federal Rules, including Rule 11. Indeed, it appears that Mr. Murakami has lost interest in this case, to the extent that he ever had any, as he did not seek to be named lead plaintiff in the very non-meritorious case that he initiated.[2] (Dkt. No. 15.)

Finally, in determining in its discretion whether to excuse Plaintiff's conscious failure to comply with Rule 4, this Court should consider the near certainty that this case will not proceed in this Court. *Ritter* v. *Cooper*, 2003 WL 23112306, at *3 (D. Del. Dec. 30, 2003) ("frivolousness" and "objective unreasonableness" are factors weighing against a discretionary exception). As set forth in the April 22 Response and the August 29 Notice, this action was meritless when filed, and following the conclusion of the SEC investigation, Plaintiff's claims have no factual or legal basis whatsoever. This case also is an example of blatant forum-shopping by a Japanese citizen, having no connection to this jurisdiction, and despite an earlier-pending case in North Carolina. The factual and procedural posture suggest that this action is little more than an effort by Plaintiff's counsel to secure a spot at the attorney fee table. This action should be dismissed without prejudice rather than waste judicial resources transferring this case to North Carolina or worse, inevitably dismissing the claims a year from now in response to Defendants' Rule 12(b)(6) motion if this case for any reason remains in this Court.

---

[2] In view of Mr. Murakami's absence from this District, if this action proceeds here Defendants will seek an order imposing security for their costs under 15 U.S.C. § 78u-4(a)(8).

This the 20th day of November, 2019.

_s/ *David A. Kotler*_____

David A. Kotler
DECHERT LLP
502 Carnegie Center, Suite 104
Princeton, NJ 08540
Telephone: 609-955-3200
Fax: 609-955-3259
david.kotler@dechert.com

*Counsel for Defendant Gregory S. Rush*

*Of counsel*:

David H. Kistenbroker
Joni S. Jacobsen
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601-1608
Telephone:  (312) 646-5811
Fax:  (312) 646-5858

s/ *Brian T. Frawley*_____

Brian T. Frawley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
frawleyb@sullcrom.com

*Counsel for Defendants Syneos Health, Inc.,*
*Alistair Macdonald and Jason Meggs*

*Of counsel*:

Thomas C. White
Meg K. Lippincott
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

S

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this day a copy of the foregoing document was filed with the Court's CM/ECF system which served the same on all parties of record.

This the 20th day of November, 2019.

 s/ *Meg K. Lippincott*
Meg K. Lippincott
