# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-29-H-KS

| | |
|---|---|
| EGLÉ VAITKUVIENÉ, Individually and on Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| SYNEOS HEALTH, INC. f/k/a INC RESEARCH HOLDINGS, INC., ALISTAIR MACDONALD, GREGORY S. RUSH, MICHAEL A. BELL, ROBERT BRECKON, DAVID F. BURGSTAHLER, LINDA S. HARTY, RICHARD N. KENDER, WILLIAM E. KLITGAARD, KENNETH F. MEYERS, MATTHEW E. MONAGHAN, DAVID Y. NORTON, and ERIC P. PÂCQUES, ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. ) | |

This matter is before the court on its own motion. On January 25, 2018, Eglé Vaikuviené filed this securities class action suit, alleging Defendants Syneos Health, Inc. ("Syneos"), Alistair MacDonald, and Gregory S. Rush violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"). On May 29, 2018, this court appointed San Antonio Fire & Police Pension Fund and El Paso Firemen & Policeman's Pension Fund as Lead Plaintiffs. (Order Appointing Lead Pls. [DE #20].) On July 30, 2018, Lead Plaintiffs filed an amended complaint against the above-named defendants asserting claims for violation of §§ 10(b), 14(a), and 20(a) of the Exchange Act. (Am. Compl. [DE #35].)

On May 23, 2019, Lead Plaintiffs informed the court that a related case had been filed in the United States District Court for the District of New Jersey. *See Murakami v. Syneos Health, Inc.*, No. 3:19-CV-7377 (D.N.J. filed Mar. 1, 2019). On March 28, 2019, Lead Plaintiffs moved to intervene and to transfer *Murakami* to this court to be consolidated with this action. Notice Mot., *Murakami*, No. 3:19-CV-7377, ECF 6 (filed Mar. 28, 2019). While the *Murakami* plaintiffs oppose Lead Plaintiffs' motion, Defendant Syneos Health, Inc., agrees that *Murakami* should be transferred to this court if the action is not dismissed outright. *See* Syneos' Response, *Murakami*, No. 3:19-CV-7377, ECF 12 (filed Apr. 22, 2019).

To date, no action has been taken on Lead Plaintiffs' motion to intervene and transfer *Murakami.* However, recent filings in *Murakami* have again raised the issue whether the action should be dismissed or, alternatively, transferred to this court. *See* Syneos' Notice Recent Events, *Murakami*, No. 3:19-CV-7377, ECF 19 (filed Aug. 29, 2019); Pl.'s Resp. Syneos' Notice, *Murakami*, No. 3:19-CV-7377, ECF 20 (filed Sep. 6, 2019). Syneos submits, *inter alia*, that *Murakami* should be dismissed for insufficiency of service of process; whereas Plaintiff Murakami argues that Syneos has waived any objections to service of process upon its counsel's notice of a general appearance.

Federal district courts have the power to stay their proceedings. "This power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Matherly v. Gonzales*, No. 5:11-CT-3020-BR, 2013 WL 393335, at *2 (E.D.N.C. Jan. 31, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

2

Whether to stay a proceeding calls for the exercise of judgment, upon weighing the various, competing interests of the parties to an expeditious and comprehensive disposition of all claims. *Id.*

In this case, a stay of the proceedings will promote judicial efficiency and economy. This action and *Murakami* appear to raise similar claims. If *Murakami* is transferred to this district, consolidation will likely need to be addressed. Having carefully considered the procedural posture of this action and any prejudice to the parties caused by a delay of these proceedings, the court determines that this action should be stayed in light of the litigation pending in *Murakami v. Syneos Health, Inc.*, No. 3:19-CV-7377 (D.N.J. filed Mar. 1, 2019).

Accordingly, it is hereby ORDERED as follows:

1.      Pending further order of this court, this action is STAYED in light of litigation pending before the United States District Court for the District of New Jersey in *Murakami v. Syneos Health, Inc.*, No. 3:19-CV-7377 (D.N.J. filed Mar. 1, 2019); and

2.      The parties shall promptly inform the court of any resolution of *Murakami* and shall further file a joint notice informing the court of the status of *Murakami* on or about December 2, 2019, and every three months thereafter until such time as the stay is lifted in this action.

This 23rd day of September 2019.

_____
KIMBERLY A. SWANK
United States Magistrate Judge

3