# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| YUICHI MURAKAMI, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | Civil Action No.: 19-7377 (MAS) (ZNQ) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| SYNEOS HEALTH, INC., et. al., | |
| Defendants. | |

This matter comes before the Court upon Plaintiff Yuichi Murakami's ("Plaintiff") response to the October 16, 2019, Order requiring Plaintiff to "file proof of service of the Complaint in compliance with Rule 4, or otherwise show cause in writing . . . why the action should not be dismissed for failure to properly serve Defendants" ("Order to Show Cause"). (ECF No. 21.) Plaintiff responded (Pl.'s Resp. Br., ECF No. 27), and Defendants Syneos Health, Inc. ("Syneos"), Alistair Macdonald, Jason Meggs, and Gregory S. Rush responded. (Defs.' Resp. Br., ECF No. 29.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Plaintiff concedes that no good cause exists to excuse Plaintiff's failure to serve Defendants but argues that the Court should exercise its discretion to extend the time for service. (Pl.'s Resp. Br. 2–3.) Plaintiff argues that (1) service was "promptly effectuated in response to the Court's Order to Show Cause" to correct Plaintiff's oversight; (2) Defendants will not be meaningfully prejudiced because "[they] had actual notice and have actively participated in the litigation"; (3) an extension should be granted in the interest of judicial economy and avoidance of unnecessary delay; and (4) dismissal of the Complaint would necessitate refiling of the

complaint, which "would serve only to delay and incur additional expenditure of resources by both parties and the Court." (*Id.* at 4–5.) Plaintiff, accordingly, requests the Court to extend time to effectuate service of process and to approve Plaintiff's service of the named Defendants (*see* Exs. 1–4 to Pl.'s Resp., ECF Nos. 27-1 to -5; *see also* Summonses Returned Executed, ECF Nos. 22–26). (*Id.* at 5.)

Defendants argue that Syneos twice raised the issue of service. (Defs.' Resp. 2 n.1, ECF No. 29 (citing Syneos's Apr. 22, 2019 Resp. to Mot. to Intervene 1, ECF No. 12 (stating "no defendant has been served with process in this action"); Syneos's Aug. 29, 2019 Notice of Recent Events 1, ECF No. 19 (stating "no defendant has been served with process in this action")).) To that end, Defendants argue that "Plaintiff's conscious and flagrant disregard of the Federal and Local Rules alone warrants dismissal of this action." (*Id.* at 1.) Defendants further argue that Plaintiff is not pro se and has not argued that the statute of limitations has run to warrant discretionary extension of the time to serve.[1] (*Id.* at 3.)

If a defendant is not served within 90 days after the complaint is filed, the Court "*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the untimely service. Fed. R. Civ. P. 4(m) (emphasis added). Moreover, Local Civil Rule 5.1(b) provides, in relevant part, that "proof of service of all papers required . . . to be served shall be filed in the Clerk's office promptly and in any event before action is taken thereon by the Court or the parties." L. Civ. R. 5.1(b).

---

[1] Defendants also argue that (1) Plaintiff's Complaint "is entirely without factual basis"; (2) the case will likely be transferred or dismissed and, therefore, will not proceed in this Court; and (3) Defendants "plainly have been prejudiced by the pendency of this meritless action." (Defs.' Resp. 2–4.) Here, the Court neither considers the merits of Plaintiff's suit nor the potential disposition of a pending or future motion to transfer.

In deciding whether to exercise its discretion and grant an extension of time for service, a court may consider actual notice of the legal action, prejudice to the defendant, the statute of limitations on the underlying causes of action, the conduct of the defendant, whether the plaintiff is represented by counsel, and any other relevant factor. *Chiang v. United States SBA*, 331 F. App'x 113, 116 (3d Cir. 2009). "The plaintiff bears the burden of demonstrating to the court why it should exercise its discretion." *Jumpp v. Jerkins*, No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010).

Here, the Court is not persuaded to exercise its discretion and extend the time to serve, at least in part due to Plaintiff's complete disregard of the Federal Rules. Syneos raised the issue of service on two occasions: once during the service period and once after the service period ended. Plaintiff, therefore, had notice of its failure to serve and never moved for an extension or served. Moreover, the statute of limitations does not appear to have run on the underlying cause of action, Defendants' conduct does not suggest a deliberate evasion of service, and Plaintiff is represented by counsel. Although Plaintiff served each of the Defendants immediately after the Court entered the Order to Show Cause, such service was effectuated outside the time for service under Rule 4(m).

Considering the above, the Court finds Plaintiff has not demonstrated to the Court why it should exercise its discretion and extend time for service. The Court, therefore, dismisses the Complaint against Defendants without prejudice and will disregard the executed Summonses as untimely.

Accordingly,

**IT IS** on this 19th day of March 2020 **ORDERED** that**:**

1. Plaintiff's request for an extension of time to effectuate service of process is **DENIED**;

2. The Complaint (ECF No. 1) is **DISMISSED** without prejudice for failure to serve;

3. The Summonses Returned Executed (ECF Nos. 22–26) will be stricken as untimely; and

4. The Clerk of the Court shall close this matter.

                                                   /S/ Michael A. Shipp
                                                   **MICHAEL A. SHIPP**
                                                   **UNITED STATES DISTRICT JUDGE**